# IN THE COURT OF APPEALS OF IOWA

No. 14-0843
Filed March 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ETHAN JOSEPH WALZTONI,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Buchanan County, David F. Staudt, Judge.


        An eighteen-year-old convicted of second-degree robbery challenges his sentence as cruel and unusual.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, and Shawn Harden, County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

Noting he is only "slightly above the age of majority," Ethan Walztoni challenges the mandatory minimum aspect of his sentence for second-degree robbery as cruel and unusual under the Eighth Amendment of the Federal Constitution and article 1, section 17 of the Iowa Constitution. Because we conclude the statutory requirement that he serve seven years of his ten-year sentence is not grossly disproportionate to his role in an armed home invasion, we affirm.

Eighteen-year-old Walztoni and two accomplices entered the Independence home of Adam Yarlott late in the night of February 2, 2014. Wearing a mask, Walztoni found a rifle inside the home and pointed it at the victim. Meanwhile, his accomplices held the victim down and struck the victim in the head with a hammer. Walztoni participated in the crime because he needed money for his rent and believed they could steal "weed" from the residents. The State originally charged Walztoni with six felony offenses: (1) robbery in the first degree, a class "B" felony; (2) burglary in the first degree, also a class "B" felony; (3) intimidation with a dangerous weapon, a class "C" felony; (4) and (5) two counts of going armed with intent, class "D" felonies, and (6) assault while participating in a felony, a class "D" felony. He reached a plea agreement, reducing the charges to three lesser counts: (1) robbery in the second degree, a class "C" felony, in violation of Iowa Code section 711.3 (2013), which carried a mandatory minimum term of seven years under Iowa Code sections 902.9(d) and 902.12(5); (2) attempted burglary, a class "C" felony, in violation of Iowa Code

section 713.4; and (3) assault while participating in a felony, a class "D" felony under Iowa Code section 708.3, which carried a five-year mandatory minimum based on the use of a dangerous weapon under Iowa Code section 902.7. Under the agreement, the parties jointly recommended concurrent sentences.

At a combined plea and sentencing hearing, the district court accepted the plea agreement and imposed concurrent indeterminate terms of ten years, ten years, and five years. The sentencing order noted the mandatory minimums of seven years and five years. Walztoni filed a notice of appeal. In his appellate brief, Walztoni challenges only the mandatory seventy-percent sentence for the second-degree robbery conviction.

Because Walztoni questions the constitutionality of his sentence, our review is de novo. *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). He may raise this illegal sentence challenge at any time. *Id.* at 871–72.

Both the Eighth Amendment of the United States Constitution and article I, section 17 of the Iowa Constitution prohibit the infliction of cruel and unusual punishment. U.S. Const. amend VIII; Iowa Const. art. I, § 17. ("Excessive bail shall not be required; excessive fines shall not be imposed, and cruel and unusual punishment shall not be inflicted."). Cruel-and-unusual-punishment claims come in two varieties: a categorical approach, seeking to invalidate a general sentencing practice, and a gross disproportionality comparison of a particular defendant's sentence with the seriousness of the particular crime. *See State v. Oliver*, 812 N.W.2d 636, 640 (Iowa 2012) (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). Walztoni raises the second kind of challenge, arguing the

seven-year mandatory minimum is cruel and unusual as applied to his specific case.[1]  Because Walztoni invokes the Iowa Constitution, "we will apply our more stringent gross-disproportionality review to the facts of his case."  *See id.* at 650.

To determine whether Walztoni's sentence is grossly disproportionate to his crime we turn to the three-step test developed in *Solem v. Helm*, 463 U.S. 277, 290–92 (1983) (outlining the objective criteria as (1) the gravity of the offense and the harshness of the penalty, (2) sentences imposed on other criminals in the same jurisdiction, and (3) sentences imposed for the same crime in other jurisdictions).  The first factor poses a high burden for Walztoni.  *See Bruegger*, 773 N.W.2d at 873 (noting "it is a rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality").  Only if a challenge survives this threshold test do we progress to the second and third *Solem* prongs.  *Id.*

During our proportionality review, we are mindful of four principles.  *Oliver*, 812 N.W.2d at 650.  First, we defer to legislative determinations of punishment and realize a sentence need not adhere to strict proportionality to be constitutional.  *See Bruegger*, 773 N.W.2d at 872 (opining that "a reviewing court is not authorized to generally blue pencil criminal sentences to advance judicial perceptions of fairness"); *see also Ewing v. California*, 538 U.S. 11, 28 (2003)

---

[1] Walztoni does not raise a categorical challenge to the mandatory minimum provision. Because he was an adult when he committed his offense, his situation is not controlled by *State v. Lyle*, 854 N.W.2d 378, 403 (Iowa 2014) ("[O]ur holding today has no application to sentencing laws affecting adult offenders.  Lines are drawn in our law by necessity and are incorporated into the jurisprudence we have developed to usher the Iowa Constitution through time.  This case does not move any of the lines that currently exist in the sentencing of adult offenders.").

(emphasizing a reviewing court does not "sit as a 'superlegislature' to second-guess policy choices"). Second, although we impose a more rigorous review under our state constitution than under its federal counterpart, it remains rare that a sentence is so grossly disproportionate to the offense that it satisfies the threshold inquiry under *Solem*. *Oliver*, 812 N.W.2d at 650 (citing Iowa cases in which defendants failed to meet this preliminary standard). Third, we regard a recidivist offender as more culpable and, therefore, more deserving of a longer sentence than a first-time offender. *Id.* Fourth, the unique features of a case may "'converge to generate a high risk of potential gross disproportionality.'" *Id.* at 651 (quoting *Bruegger*, 773 N.W.2d at 884).

Keeping these principles in mind, we turn to the instant facts and consider whether Walztoni's seven-year mandatory minimum sentence was grossly disproportionate to his robbery offense under article 1, section 17 of the Iowa Constitution. In support of his gross disproportionality claim, Walztoni points out he "did not personally wield the hammer," which could have seriously injured the victim. He also underscores the fact that the gun he procured in the victim's home and pointed at the victim was not loaded. In addition, he asserts he has no prior criminal history and took full responsibility for his offense during sentencing.

Walztoni's circumstances are not so unique as to "converge to form a high risk of disproportionality." *See Bruegger*, 773 N.W.2d at 884. Unlike the situation in *Bruegger*, Walztoni's actions were not "inadvertently caught by a broadly written statute." *See Oliver*, 812 N.W.2d at 651. Walztoni's conduct—entering into a home without permission for the purpose of committing theft,

aiding and abetting an assault, and threatening an occupant with fear of immediate serious injury—falls squarely within the elements of second-degree robbery.

To fully address the proportionality question, we consider the totality of circumstances, including the mitigating factors identified by Walztoni, as well as other "potential factors that tend to aggravate the gravity of the offense and magnify the consequences on [the victim]." *See Bruegger*, 773 N.W.2d at 886. The sentencing court captured the gravity of the offense in its remarks concerning the impact on the victim:

> [Y]ou put this man in great fear. I can't imagine the horror that he went through to wake up in the middle of the night, have people inside his home, someone attacking him, hitting him with a hammer, someone point a gun at him; he didn't know if it was loaded or not.

After considering the features of Walztoni's case, we do not find the mandatory minimum sentence of seven years to be grossly disproportionate to the offense of robbery in the second degree. Because the punishment does not create an inference of gross disproportionality, we do not need to analyze the second and third factors of *Solem*. *Oliver*, 812 N.W.2d at 653.

**AFFIRMED.**